IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01348-PAB-STV

JAMES D. GOLD,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on defendant State Farm's Motion for Leave to File Answer Out of Time [Docket No. 19] and Motion to Set Aside Entry of Default [Docket No. 20]. In its motions, defendant requests that the Court set aside the clerk's entry of default and accept defendant's answer out of time. Docket No. 19 at 6; Docket No. 20 at 7.

On June 2, 2017, plaintiff filed a complaint asserting claims for breach of contract, unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116, and bad faith breach of an insurance contract under Colorado law. Docket No. 1. Defendant was served with the complaint on June 7, 2017, Docket No. 8-1 at 1, but failed to file an answer by the applicable deadline. On July 11, 2017, plaintiff moved for entry of default pursuant to Fed. R. Civ. P. 55. Docket No. 10. Default was entered on July 12, 2017. Docket No. 11. On August 18, 2017, plaintiff moved for default judgment. Docket No. 13. On August 28, 2017, defendant filed a Motion for

Leave to File Answer Out of Time and Notice of Intent to File Motion to Set Aside Entry of Default [Docket No. 19], which was followed by a Motion to Set Aside Entry of Default [Docket No. 20] on August 29, 2017.  Plaintiff did not file a response to either motion.

In its motion to set aside entry of default, defendant argues that its failure to file an answer or otherwise respond to the complaint by the applicable deadline was an inadvertent mistake by the State Farm representative assigned to plaintiff's claim. Docket No. 20 at 5-6, ¶¶ 15-17.  According to defendant, the claim was reassigned to that representative on June 14, 2017, at which time the representative overlooked a note regarding plaintiff's complaint.  *Id.* at 3, ¶ 7.  Defendant contends that, because defendant took prompt action to rectify its mistake when the case was still in its early stages, plaintiff will not be prejudiced by an order setting aside the entry of default.  *Id.* at 6-7, ¶¶ 18-19.  Finally, defendant asserts that its answer, which was filed as an exhibit to defendant's motion for leave to file its answer out of time, raises viable affirmative defenses and disputes the facts asserted in support of plaintiff's statutory claims.  *Id.* at 7, ¶¶ 20-21.

The Court may set aside an entry of default for good cause.  *See* Fed. R. Civ. P. 55(c).  The good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of

default; and (3) whether the defendant has a meritorious defense.  *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  The Court need not consider each one of these factors and may consider other factors in its discretion.  *Id*.  Guiding the Court's analysis is the principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within the Court's discretion to balance the judicial preference against default judgments with "considerations of social goals, justice and expediency."  *Gomes*, 420 F.2d at 1366.

With respect to the first factor, whether the default was caused by defendant's culpable conduct, defendant concedes that the failure to file a timely answer was the result of an oversight by the claim representative assigned to plaintiff's case.  Docket No. 20 at 5, ¶ 16.  Nevertheless, defendant asserts that its conduct was not culpable because the oversight was unintentional and defendant acted quickly to rectify its mistake after becoming aware of the missed deadline.  *Id.* at 5-6, ¶¶ 15-16.  "Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default."  *United States v. Timbers Preserve, Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996).  Courts have consistently held that an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes prompt action to remedy its error.  *See Crapnell v. Dillon*

*Companies, Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015) (noting that "an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c)" and that "a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist"); *Zen & Art of Clients Server Computing, Inc. v. Resource Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (stating that "courts have consistently held that an honest mistake by the Defendant does not represent a willful failure to respond"); *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 511 (N.D. Ohio 1983) (finding that fact that defendant "expeditiously moved to remedy his mistake" weighed in favor of setting aside entry of default). Because there is no reason to doubt defendant's characterization of the events leading to its failure to timely file an answer, the Court finds that defendant's oversight regarding the applicable deadlines does not rise to the level of culpable conduct under Rule 55(c).

The second factor, whether plaintiff will be prejudiced by setting aside the entry of default, also weighs in favor of defendant. Defendant moved to set aside the entry of default just two months after the deadline to file an answer and less than three months after the filing of the complaint. Given that the case was still in its early stages, the Court is unable to identify any prejudice that would result if the entry of default is set aside. *See Swanson v. Law Office of Susan Addison Blush, P.C.*, No. 12-cv-02303-PAB-MJW, 2012 WL 6090319, at *2 (D. Colo. Dec. 7, 2012) (finding no prejudice in setting aside entry of default where defendant moved to vacate the entry of default early in the case); *see also SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-

BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." (internal quotation marks omitted)). Plaintiff's failure to respond to defendant's motion to set aside the entry of default is further indication that he would not suffer any prejudice should the Court grant such relief. *See Estate of Ortiz v. Lithia Motors, Inc.*, No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (finding that factors weighed in favor of setting aside entry of default where plaintiff did not identify any undue prejudice it would suffer if entry of default were vacated).

As to the third factor, defendant claims that it has raised meritorious defenses in its answer to the complaint. *See* Docket No. 20 at 7, ¶ 21. In determining whether a defendant has a meritorious defense for purposes of setting aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Here, defendant asserts that its answer "dispute[s] the extent of [plaintiff's] alleged damages and dispute[s] the facts that Plaintiff relies on in support of his statutory claims." Docket No. 20 at 7, ¶ 21. Defendant contends that these "defenses, if true, would require substantive dispositive motions or a jury trial to address the merits of Plaintiff's claims." *Id.* However, neither defendant's motion nor its answer provides "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *In re Stone*, 588 F.2d at 1319;

5

*see also id.* at 1320 & n.4 (defendant's assertions that plaintiff's allegations were "false," that plaintiff was prohibited from relitigating certain issues under the doctrine of collateral estoppel, and that plaintiff had failed to state a claim upon which relief could be granted constituted "general allegations of . . . meritorious defense" that were insufficient to support defendant's motion for relief from default judgment). Nevertheless, the Court need not consider every factor in determining whether to set aside an entry of default. *Hunt*, 1995 WL 523646, at *3; *see also SecurityNational Mortg. Co.*, 2014 WL 4627483, at *3 (finding that, "even if defendants' failure to timely respond was culpable, the other factors weigh[ed] in favor of granting the motion to set aside"); *Edes v. Fredson*, 344 F. Supp. 2d 209, 213 (D. Me. 2004) (setting aside entry of default despite defendant's failure to set forth a meritorious defense). Given that the other factors – culpability and prejudice – weigh in favor of setting aside the entry of default, the Court finds that any doubts in regard to the existence of meritorious defenses should be resolved in defendant's favor. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided"); *J & J Sports Prods., Inc. v. Prado*, 2008 WL 822159, at *2 (E.D. Cal. Mar. 27, 2008) (stating that, in motion to set aside default, "any doubts as to whether Defendants have a meritorious defense are to be resolved in their favor"); *Rasmussen v. Am. Nat'l Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994) (setting aside entry of default in light of "general policy of deciding cases on their merits," despite fact that

defendant's "meritorious defense" argument was "tenuous").[1]

Considering the absence of culpable conduct on the part of defendant, plaintiff's failure to respond to defendant's motion to set aside the entry of default, and the strong preference for resolution of cases on their merits, *see In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991), the Court finds good cause to vacate the entry of default pursuant to Fed. R. Civ. P. 55(c).[2]  It is therefore

**ORDERED** that defendant's Motion to Set Aside Entry of Default [Docket No. 20] is **GRANTED**.  It is further

**ORDERED** that defendant's Motion for Leave to File Answer Out of Time [Docket No. 19] is **GRANTED**.  It is further

**ORDERED** that, within seven days of this order, defendant will re-file the answer that was attached as Exhibit F [Docket No. 19-6] to its Motion for Leave to File Answer Out of Time [Docket No. 19].  It is further

**ORDERED** that plaintiff's Motion for Entry of Default Judgment Pursuant to Fed. R. Civ. P. Rule 55 [Docket No. 13] is **DENIED AS MOOT**.

---

[1] The Court further notes that "the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 n.6.  Many of the cases applying the "meritorious defense" factor, including *In re Stone*, have done so in the context of a Rule 60(b) motion, which requires a greater showing than the one required in this case.

[2] Defendant will also be permitted to file its answer out of time.  *See Upky v. Lindsey*, 2015 WL 1918229, at *29 (D.N.M. Apr. 7, 2015) (noting that court's decision to set aside entry of default would be rendered meaningless if party was not also permitted to file answer out of time).

DATED February 22, 2018.

BY THE COURT:

　s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge